# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| Robert Bruce, Bryan Slaton, and Grayson County Conservatives PAC, <br><br> *Plaintiffs*, <br><br> v. <br><br> J.R. Johnson, in his official capacity as Executive Director of the Texas Ethics Commission; Mary K. Kennedy, Randall H. Erben, Chad M. Craycraft, Chris Flood, Patrick W. Mizell, Richard S. Schmidt, Joseph O. Slovacek, and Steven D. Wolens, in their official capacities as members of the Texas Ethics Commission, <br><br> *Defendants*. | **ORIGINAL COMPLAINT** <br><br> Civil Action No. 1:22-cv-1166 |

Plaintiffs Robert Bruce, Bryan Slaton, and Grayson County Conservatives PAC bring this civil action against Defendants J.R. Johnson, in his official capacity as Executive Director of the Texas Ethics Commission, and Mary K. Kennedy, Randall H. Erben, Chad M. Craycraft, Chris Flood, Patrick W. Mizell, Richard S. Schmidt, Joseph O. Slovacek, and Steven D. Wolens, in their official capacities as members of the Texas Ethics Commission, and allege as follows:

## Introduction

1. Fourteen years ago, in *Free Mkt. Found. v. Reisman*, 573 F. Supp. 2d 952 (W.D. Tex. 2008), this Court declared unconstitutional Tex. Gov't Code Sections 302.017 and 302.019 of the

Texas Gov't Code. This Court held the statutes "r[a]n afoul of well-established Supreme Court precedent." Reisman, 573 F. Supp. 2d at 956. While the Court issued declaratory relief, it declined to issue any injunctive relief, deeming it unnecessary. Id. at 957.

2. Sections 302.017 and 302.019 were subsequently repealed by the Texas Legislature. However, the legislature left in place TEX. GOV'T CODE 302.021(d), which substantively repeats the same prohibition that was previously found unconstitutional in Section 302.019.

3. Additionally, the Court in *Reisman* was never asked to address TEX. GOV'T CODE § 302.0191 or § 302.021(e-1), both of which prohibit speech regarding a Speaker's race using funds accepted as political contributions under Title 15, Texas Election Code. These statutes effectively prohibit political committees and candidates from speaking in support of or opposition to a Speaker candidate.

4. For the same reasons this Court declared former Sections 302.017 and 302.019 unconstitutional in 2008, Plaintiffs seek relief from this Court declaring Sections 302.191, 302.021(d), and 302.021(e-1) unconstitutional and enjoining Defendants from taking actions to enforce those sections or to accept jurisdiction over any complaint alleging a violation of those sections.

5. Absent Court intervention, Plaintiffs are prohibited in substantial ways from speaking regarding the upcoming Texas House Speakers' race. Just as it did in 2008, this matter requires this Court's immediate intervention.

**Jurisdiction and Venue**

6. This Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. §§ 1331 and 1343. This civil action arises under the First and Fourteenth Amendments of the

United States Constitution and 42 U.S.C. § 1983. Plaintiffs seek a declaration of their rights in this case of actual controversy within the Court's jurisdiction pursuant to 28 U.S.C. §§ 2201-02.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 139l(b). All Defendants reside in Texas. The Texas Ethics Commission is located in this judicial district, and the Executive Director and members of the Commission perform their official duties in this district. In addition, a substantial part of the events giving rise to this claim occurred in this district.

**Parties**

8. Plaintiff Robert Bruce is an individual residing in Bexar County, Texas. Bruce intends to make expenditures from his own personal funds for correspondence to aid or defeat the election of a speaker candidate.

9. Plaintiff Bryan Slaton is a Texas state representative residing in Rockwall County, Texas. Slaton intends to make expenditures from his own personal funds for correspondence to aid or defeat the election of a speaker candidate. Slaton also intends to make a contribution to a speaker candidate as well as make expenditures to aid or defeat a speaker candidate using funds from his campaign account, which is composed of funds accepted as political contributions under Title 15, Texas Election Code.

10. Plaintiff Grayson County Conservatives PAC ("GCC PAC") is a Texas general purpose political committee located in Grayson County, Texas. GCC PAC intends to make a contribution to a speaker candidate as well as make expenditures to aid or defeat a speaker candidate using its PAC account funds, which are composed entirely of funds accepted as political contributions under Title 15 of the Election Code.

11. Defendants J.R. Johnson, Mary K. Kennedy, Randall H. Erben, Chad M. Craycraft, Chris Flood, Patrick W. Mizell, Richard S. Schmidt, Joseph O. Slovacek, and Steven D. Wolens are, respectively, the Executive Director and members of the Texas Ethics Commission, which is located at 201 East 14th St., 10th Floor, Austin, Texas 78701. The Texas Ethics Commission has the statutory authority to administer and enforce the statutes at issue in this case, including initiating civil enforcement actions, accepting jurisdiction of sworn complaints, or referring matters to an appropriate prosecuting attorney for criminal prosecution. These individuals are sued in their official capacity.

## Statement of Facts

12. As the presiding officer of the Texas House of Representatives, the Speaker is one of the most powerful and influential political figures in the state. The powers of the Speaker are rooted in the Texas Constitution as well as the Texas House Rules of Procedure. The Constitution authorizes the House of Representatives to determine its own procedural rules, Tex. Const. art. III,§ 11, and the Texas House Rules of Procedure confer great powers upon the Speaker. Under the House Rules, the Speaker maintains order during floor debates, including recognizing legislators who wish to speak and ruling on procedural questions. House Rule l, § 9, 87th Leg. (Tex. 2021); House Rule 5, § 24. These rules authorize the Speaker to choose what committees to refer legislation to. House Rule 1, § 4. They empower the Speaker to appoint members of all standing House committees, and to designate the chair and vice-chair of each committee. House Rule 1, § 15; House Rule 4, § 2. The Speaker also has the constitutional duty to sign all bills and joint resolutions passed by the Legislature. Tex. Const. art. III, § 38. Finally, the Speaker serves as a member of several influential government boards and committees, including the Legislative

Budget Board, which develops budget and policy recommendations for legislative appropriations for all state agencies and provides fiscal analyses for proposed legislation. TEX. GOV'T CODE § 322.001.

13. As this Court held in *Reisman:* "[T]he Speaker of the Texas House of Representatives is 'one of the most powerful and influential political figures in the state, vested with the responsibility of overseeing the course of lawmaking in every possible area of interest to any Texan. The election of the Speaker is not, therefore, a matter of internal Housekeeping. It is an issue of great political importance and a legitimate subject of public debate." 573 F. Supp 2d at 955.

14. The Texas Constitution requires the House of Representatives to choose one of its own members to serve as Speaker every two years, when the new legislature convenes. Tex. Const. art. III § 9. The legislature will next convene on January 10th, 2023, at which time the House will decide who to elect as Speaker. At this time, two members of the House have declared their intent to run as candidates for Speaker. State Rep. Dade Phelan, a Republican from Beaumont, is the incumbent Speaker and is seeking reelection. State Rep. Tony Tinderholt, a Republican from Arlington, is challenging Phelan for the position.

15. Plaintiffs desire to exercise their right to free speech as protected by the First and Fourteenth Amendments to the United States Constitution by participating in the upcoming Speaker's race.

16. Plaintiffs Bruce and Slaton desire to make expenditures from their personal funds on correspondence and other communications to support Tony Tinderholt for Speaker.

17. Plaintiffs Slaton and Grayson County Conservatives PAC desire to make a contribution to Tinderholt's Speaker campaign from funds Slaton and GCC PAC have accepted as political contributions under Title 15 of the Texas Election Code. As a candidate for public office, Slaton has a campaign account composed of funds accepted as political contributions. GCC PAC, as a political committee, maintains its PAC account composed exclusively of funds accepted as political contributions. Slaton and GCC PAC both desire to use funds accepted as political contributions under Title 15 of the Texas Election Code to support Tinderholt.

18. Likewise, Slaton and GCC PAC desire to make independent expenditures from their campaign and PAC accounts to support Tinderholt for Speaker. Slaton desires to use his campaign account to pay for communications that express his support for Tinderholt and the reasons he believes Tinderholt is better qualified to serve as Speaker. Slaton believes these communications will not only aid Tinderholt in his campaign for Speaker, but will also aid his reelection in demonstrating to the public that he supports Tinderholt for Speaker. GCC PAC desires to use funds from its PAC account to host an event to support Tinderholt for Speaker and to invite Tinderholt to attend the event to meet its members, supporters, and others from the community.

19. However, TEX. GOV'T CODE § 302.0191, § 302.021(d), and § 302.021(e-1) make it a serious crime for Plaintiffs to take these basic actions in support of Tinderholt's campaign to become Speaker of the Texas House of Representatives.

20. TEX. GOV'T CODE § 302.0191 prohibits both contributions and expenditures from funds accepted as political contributions under Title 15 of the Texas Election Code. The section states:

>Sec. 302.0191.  CONTRIBUTIONS AND EXPENDITURES FROM POLITICAL CONTRIBUTIONS.  A person, including a speaker candidate, may not make a contribution to a speaker candidate's campaign or an expenditure to aid or defeat a speaker candidate from:
>(1)  political contributions accepted under Title 15, Election Code;
>(2)  interest earned on political contributions accepted under Title 15, Election Code;  or
>(3)  an asset purchased with political contributions accepted under Title 15, Election Code.

21. This section is bolstered by TEX. GOV'T CODE 302.021(e-1), which repeats the prohibition in § 302.0191, stating:

>"A person commits an offense if the person knowingly makes a contribution to a speaker candidate's campaign or an expenditure to aid or defeat a speaker candidate from political contributions, interest earned on political contributions, or an asset purchased with political contributions in violation of Section 302.0191."

22. Per Section 302.021(f), this offense is defined as a Class A misdemeanor, punishable both civilly and criminally by up to one year in jail and a $4,000 fine. Tex. Penal Code § 12.21.

23. This prohibition means that Plaintiff Grayson County Conservatives PAC is prohibited from using any of its PAC funds to make a contribution to the Tinderholt for Speaker campaign or from making an expenditure to aid Tinderholt for Speaker, such as hosting a community event to promote his candidacy. As a Texas general purpose political committee, all funds accepted by Grayson County Conservatives PAC are accepted as political contributions under Title 15 of the Election Code, and are reported to the Texas Ethics Commission as such.

24. This prohibition also means that Plaintiff Bryan Slaton is prohibited from making a contribution to the Tinderholt for Speaker campaign from his campaign account or from using his

campaign funds to pay for communications in which he independently expresses his support for Tinderholt for Speaker and the reasons for that support.

25. Additionally, TEX. GOV'T CODE § 302.021(d) prohibits individuals from making expenditures of more than $100 to aid or defeat a Speaker candidate. The section states:

> "An individual other than the speaker candidate commits an offense if the individual, either acting alone or with another individual, expends or authorizes the expenditure of more than $100 for correspondence to aid or defeat the election of a speaker candidate or expends funds for any purpose other than for personal services and traveling expenses to aid or defeat the election of a speaker candidate."

26. Per Section 302.021(f), this offense is defined as a Class A misdemeanor, punishable both civilly and criminally by up to one year in jail and a $4,000 fine. TEX. PENAL CODE § 12.21.

27. This prohibition, which appears to be an analogue of former Section 302.019, which was declared unconstitutional in 2008, means that Plaintiffs Bruce and Slaton are prohibited from spending more than $100 of their personal funds to support correspondence or other communications to support Tinderholt for Speaker.

28. Under TEX. GOV'T CODE § 571.061, the Texas Ethics Commission "shall administer and enforce" Government Code Chapter 302. The Commission may pursue enforcement through its Executive Director accepting jurisdiction over a sworn complaint filed with the Commission. TEX. GOV'T CODE § 571.124(c). Or it may do so by initiating a preliminary review without a sworn complaint by an affirmative vote of at least six Commission members. TEX. GOV'T CODE § 571.124(b). The Commission may also initiate civil enforcement actions or refer matters to a criminal prosecuting attorney on a motion adopted by at least six Commission members. TEX. GOV'T CODE § 571.171(a). The Commission may also issue an order requiring

compliance with laws administered and enforced by the Commission. TEX. GOV'T CODE § 571.172. The Commission may impose a civil penalty of $5,000 or triple the amount at issue, whichever is more, for a violation of a law or even for a delay in complying with a Commission order. TEX. GOV'T CODE § 571.173.

**Count I**
**42 U.S.C. §§ 1983, 1988**
**Right to Free Speech**

29.     Plaintiffs repeat and reallege each of the foregoing allegations in this Verified Original Complaint as if fully set forth herein.

30.     The First Amendment of the United States Constitution, applicable to the States under the Fourteenth Amendment, protects the rights of both individuals and groups to engage in political speech. Both contributions to political candidates and independent expenditures intended to aid or defeat a candidate constitute protected political speech within the meaning of the First Amendment. Laws restricting political speech implicate core First Amendment freedoms and must be narrowly tailored to serve a compelling governmental interest.

31.     Sections 302.0191, 302.021(d), and 302.021(e-1) unconstitutionally restrict Plaintiffs' freedom to speak on political issues. Section 302.021(d) constitutes a near-categorical ban on individuals from making independent expenditures in order to influence a Speaker's race. Individuals are restricted to making independent expenditures in the form of personal services and travel expenses, and $100 in correspondence. This arbitrary and extreme limitation on the protected political speech of individuals does not further any compelling governmental interest, nor is it narrowly tailored. This section appears to be an analogue of Section 302.019, which was

declared unconstitutional by this Court in 2008. Accordingly, Section 302.021(d) violates the First Amendment speech rights of individuals.

32. Sections 302.0191 and 302.021(e-1) constitutes a wholesale prohibition on persons who have accepted political contributions under Title 15 of the Texas Election Code, such as Plaintiff Grayson County Conservatives PAC, with regard to its PAC funds, and Plaintiff Slaton, with regard to his campaign account, from using those funds to make contributions to a speaker candidate or even to fund their own speech supporting or opposing a speaker candidate. This total ban on contributions and expenditures using such funds is the antithesis of narrow tailoring and effectively represents a total ban on speech regarding a race to become Speaker of the Texas House by organizations like Grayson County Conservatives PAC or by candidates using campaign funds, such as Slaton. Accordingly, Sections 302.0191 and 302.021(e-1) violate the First Amendment speech rights of political committees and candidates.

33. Plaintiffs are entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

### Count II
### 42 U.S.C. §§ 1983, 1988
### Right of Association

34. Plaintiffs repeat and reallege each of the foregoing allegations in this Verified Original Complaint as if fully set forth herein.

35. The right of association is an implied right guaranteed by the First Amendment's protection of free speech and the right to petition. The First Amendment protects political association, and restrictions on that freedom must be narrowly drawn to avoid an unnecessary abridgement of associational rights.

36. Sections 302.0191 and 302.021(e-1) unconstitutionally restrict Plaintiffs' right of association. These sections prohibit Plaintiffs from forming groups and accepting contributions from others (whether to a political committee or to a campaign account) and using those contributions to make contributions to Speaker candidates and expenditures regarding the race to become Speaker.

37. Plaintiffs are entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## Preliminary and Permanent Injunctive Relief

38. TEX. GOV'T CODE Sections 302.0191, 302.021(d), and 302.021(e-1) have deprived and will continue to deprive Plaintiffs of their fundamental rights protected by the First and Fourteenth Amendments. Money damages cannot adequately compensate for these constitutional injuries and, absent injunctive relief, the injuries will be irreparable. Accordingly, appropriate injunctive relief and a declaration of the unconstitutionality of the statutes is necessary.

## Bench Trial Requested

39. Plaintiffs request a bench trial on all matters submitted to a trier of fact.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter Judgment in favor of Plaintiffs;

B. Declare that Tex. Gov't Code Sections 302.0191, 302.021(d) and 302.021(e-1) violate the First and Fourteenth Amendments of the United States Constitution;

C. Permanently enjoin Defendants from enforcing or accepting jurisdiction over any sworn complaint regarding Tex. Gov't Code Sections 302.0191, 302.021(d), or 302.021(e-1);

D. Award Plaintiffs nominal damages;

E.  Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

F.  Grant any and all other further relief to which Plaintiffs may be justly entitled.

Dated: November 10, 2022

> Respectfully submitted,
>
> **THE LAW OFFICES OF TONY MCDONALD**
>
> By:  /s/ Tony McDonald
>
> Tony McDonald
> State Bar No. 24083477
> tony@tonymcdonald.com
> Garrett McMillan
> State Bar No. 24116747
> garrett@tonymcdonald.com
> 1501 Leander Dr., Ste. B2
> Leander, TX 78641
> (512) 200-3608 (Tel)
> (815) 550-1292 (Fax)
> *Counsel for Plaintiffs*