IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT BRUCE, BRYAN SLATON, AND GRAYSON COUNTY CONSERVATIVES PAC, | § § § § § § | |
| *Plaintiffs*, | § § | |
| V. | § § | |
| J.R. JOHNSON, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE TEXAS ETHICS COMMISSION; MARY K. KENNEDY; RANDALL H. ERBEN; CHAD M. CRAYCRAFT; CHRIS FLOOD; PATRICK W. MIZELL; RICHARD S. SCHMIDT; JOSEPH O. SLOVACEK; AND STEVEN D. WOLENS, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE TEXAS ETHICS COMMISSION, | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:22-cv-1166 |
| *Defendants*. | § § | |

**MOTION FOR LEAVE TO INTERVENE OF THE
HON. CHARLIE GEREN AND THE HON. DUSTIN BURROWS**

The Honorable Charlie Geren and the Honorable Dustin Burrows (sometimes, "Intervenors"), two elected members of the Texas House of Representatives, respectfully move that they be permitted to intervene in this action for the reasons stated below.

931116.6

# I.
# PRELIMINARY STATEMENT

Representatives Geren and Burrows seek to intervene as defendants pursuant to Federal Rule of Civil Procedure 24. This action presents an effort to undo the rules the Legislature fashioned to govern the process of selecting the Speaker of the Texas House of Representatives. As two of the 150 members of the Texas House, Representatives Geren and Burrows are entitled to vote when the question of the acceptance of a nominee for Speaker comes to the House floor.

Representatives Geren and Burrows contend that the statutes adopted by the Legislature to govern the selection of the House Speaker should stand as they are written. Those statutes do not concern an "election" in the traditional sense. They instead govern a process by which a nominee is subjected to a floor vote on his or her nomination. The process is a legislative one, with only 150 House members entitled to vote "aye" or "nay" on a nomination for the office of Speaker. That vote is a legislative act under Texas law. TEX. GOV'T CODE § 305.002(6). Intervenors seek to defend the existing system from the perspective of members entitled to participate in it free of the pressures and prospects for undue influence that Plaintiffs' desired unlimited spending would unleash.

Moreover, Plaintiffs aver that they want to use political contributions they have received to attempt to influence the choice of a House Speaker. Texas law prohibits the use of political contributions for lobbying. This is relevant because Plaintiffs seek to spend money to influence the outcome of a Speaker contest. The floor vote on a nominee is a legislative act and comes within the definition of

"legislation" in the lobbying laws. As a result, efforts to influence the vote on a Speaker nomination implicate the lobbying laws and their registration requirements, spending constraints, restriction against use of political funds for lobbying, and required legislative advertising disclosures. But Plaintiffs ignore this, treating the issue as if the choice of a Speaker is a traditional election campaign rather than a legislative act.

In the current political environment, given the parties involved, Intervenors are concerned that the existing parties will not fully and fairly litigate the issues in this case. They therefore request leave to intervene as of right or, in the alternative, with the permission of the Court.

## II.
## INTERVENTION OF RIGHT

A party seeking to intervene of right must show (i) that the application is timely; (ii) that the would-be intervenor has an interest relating to the property or transaction which is the subject of the action; (iii) that the intervenor is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (iv) that the intervenor's interest is not represented adequately by the existing parties to the suit. *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007).

### A.   Interest in the Subject-Matter.

Representatives Geren and Burrows will be affected directly by the relief Plaintiffs seek in this action and are entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a) because they have interests relating to the

3

subject-matter of this action. Intervenors' interests in the process by which a House Speaker is selected will be affected directly by the outcome of this action, particularly if the existing election rules are changed. If existing law is struck down, Intervenors will be subjected to the effects of limitless spending of political contributions to PACs and legislators on efforts to influence the selection of the Speaker of the House. This raises the prospect of influence-buying and corruption tainting the selection of the Speaker. With only 150 voters and the ability to use unlimited political contributions to affect the process, these concerns are not fanciful. Accordingly, Intervenors' status as two of the members entitled to participate in the floor vote for the Speaker of the House justifies their intervention in this action. *Cf. League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 844-45 (5th Cir. 1993) (allowing judges to intervene in litigation over judicial elections).

### B.  Impairment of Interest.

The disposition of this action thus "may as a practical matter impair or impede [Intervenors'] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). The Defendants in this action, the Texas Ethics Commission and its members, are charged with enforcing ethics laws, not defending the constitutionality of laws passed by the Texas Legislature. *Cf. Nairne v. Ardoin*, No. 22-178-SDD-SDJ, 2022 U.S. Dist. LEXIS 88282, at *5–6 (M.D. La. May 17, 2022) (interests of intervening state legislators "will be impaired if Secretary of State Ardoin, whose function is one of implementation, not development or defense of state legislative maps, is the sole Defendant.").

931116.6

C. **Lack of Adequate Representation.**

An intervenor satisfies this requirement by showing that representation of the intervenor's "interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. UMW*, 404 U.S. 528, 538 n.10 (1972).

If Intervenors are not parties, their interest in defending the existing laws and in doing so from the perspective of members of the House who are participants in the selection of the Speaker will not be represented adequately. One argument Intervenors wish to advance is that courts should refrain from interceding in the legislative processes governing the selection of a Speaker, which is an internal legislative matter. That issue may not be addressed by the Ethics Commission and its members. *See, e.g.*, *Tex. Voters Alliance v. Dallas Cty.*, 495 F.Supp. 3d 441, 472 (E.D. Tex. 2020) (holding courts should not "wade into legislative waters" by creating policy or "legislate on Plaintiffs' behalf"); *see also Berry v. Crawford*, 990 N.E.2d 410, 418 (holding "the constitutional grant of jurisdiction to the legislature over its internal proceedings . . . is exclusive"). Those parties also do not share Intervenors' direct interest in the conduct of the Speaker election or their perspective on the impact of the use of unlimited political contributions to lobby for Speaker nominees on the subsequent operation of the House.

Because none of the Defendants share their perspective and their appreciation for the consequences of the relief by Plaintiffs, Intervenors' interest is not adequately represented by the existing parties. *Cf. Nairne v. Ardoin* at *5–6 (recognizing that

931116.6

legislators had a legitimate interest in defending redistricting laws passed by the legislature).

In addition, there are legitimate political concerns about the willingness of the Texas Attorney General to vigorously oppose the claims made by Plaintiffs. Attorney General Paxton has previously refused to defend the Ethics Commission. Intervenors therefore are concerned that the important issues in this case may not be addressed adequately by the existing parties.

### D. Timeliness.

Timeliness turns on a four-factor test that assesses: (i) the length of time the proposed intervenors knew or should have known of their interest in the case before they petitioned to intervene; (ii) the extent of any prejudice to existing parties due to the would-be intervenors' failure to intervene sooner; (iii) the extent of any prejudice to those seeking to intervene if intervention is denied; and (iv) any "unusual circumstances militating either for or against a determination that the application is timely." *June Med. Servs., LLC v. Phillips*, No. 14-525-JWD-RLB, 2021 U.S. Dist. LEXIS 16700, at *5–6 (M.D. La. 2021).

None of those factors weighs against allowing intervention here. This action is in its earliest stages and Intervenors have acted promptly to assert their interest in entering the case. Intervention will not delay the progress of the case or otherwise prejudice the existing parties. On the other hand, Intervenors' interests may be prejudiced if existing rules are struck down without consideration of their arguments.

Finally, there are no unusual circumstances warranting a refusal to allow Intervenors to participate in this action.

## III.
## PERMISSIVE INTERVENTION

Intervenors alternatively seek leave to intervene pursuant to Fed. R. Civ. P. 24(b), which governs permissive intervention. As required by that rule, Intervenors have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The common questions include the constitutionality of existing law and whether a court should intervene in an internal legislative election process. Their intervention in this action will allow them to address those issues from the perspective of two of the 150 House members who actually are entitled to participate in the selection process.

## IV.
## CONCLUSION

For the reasons stated, the Honorable Charlie Geren and the Honorable Dustin Burrows respectfully request that they be granted leave to intervene in this action as defendants.[1]

---

[1] Intervenors' proposed Answer in Intervention is attached hereto as Exhibit A.

Respectfully Submitted,

*/s/ Jonathan D. Pauerstein*
Jonathan D. Pauerstein
State Bar No. 15637500
Lauren C. Howell
State Bar No. 24125286
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034
jpauerstein@rpsalaw.com
lhowell@rpsalaw.com

**ATTORNEYS FOR INTERVENORS
HON. CHARLIE GEREN AND
HON. DUSTIN BURROWS**

8

931116.6

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of December, 2022, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

William Garrett McMillan, III
Tony Keith McDonald
The Law Offices of Tony McDonald
1501 Leander Dr.
Bldg B, Suite 2
Leander, TX 78641
garrett@tonymcdonald.com
tony@tonymcdonald.com

James Tinley
General Counsel
Texas Ethics Commission
201 East 14th St., 10th Floor
Austin, Texas 78701
James.tinley@ethics.state.tx.us

**Attorneys for Plaintiffs**

Christopher D. Hilton
Office of the Attorney General of Texas
P O Box 12548
Capital Station
Austin, TX 78701
christopher.hilton@oag.texas.gov

**Attorney for Defendants**

*/s/ Jonathan D. Pauerstein*
Jonathan D. Pauerstein

9

931116.6