IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT BRUCE, BRYAN SLATON, AND GRAYSON COUNTY CONSERVATIVES PAC, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | |
| J.R. JOHNSON, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE TEXAS ETHICS COMMISSION; MARY K. KENNEDY; RANDALL H. ERBEN; CHAD M. CRAYCRAFT; CHRIS FLOOD; PATRICK W. MIZELL; RICHARD S. SCHMIDT; JOSEPH O. SLOVACEK; AND STEVEN D. WOLENS, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE TEXAS ETHICS COMMISSION, | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:22-cv-1166 |
| Defendants. | § § | |

### ANSWER IN INTERVENTION OF THE
### HON. CHARLIE GEREN AND THE HON. DUSTIN BURROWS

The Honorable Charlie Geren and the Honorable Dustin Burrows ("Intervenors"), as their Answer in Intervention, state the following:

**I.**
**RESPONSES TO ALLEGATIONS**

1. Intervenors admit the allegations in paragraph 1 of Plaintiffs' Original Complaint.

931115.7

**EXHIBIT A**

2. Intervenors admit the allegations in paragraph 2 of Plaintiffs' Original Complaint.

3. Intervenors admit the allegations in the first sentence of paragraph 3 of Plaintiffs' Original Complaint but deny the allegations in the second section of that paragraph.

4. Intervenors admit Plaintiffs seek the relief described in paragraph 4 of Plaintiffs' Original Complaint, but otherwise deny the allegations of this paragraph.

5. Intervenors deny the allegations of paragraph 5 of Plaintiffs' Original Complaint.

6. Intervenors admit the allegations in paragraph 6 of Plaintiffs' Original Complaint.

7. Intervenors admit the allegations in paragraph 7 of Plaintiffs' Original Complaint.

8. Intervenors lack sufficient information to admit or deny the truth of the allegations in paragraph 8 of Plaintiffs' Original Complaint.

9. Intervenors admit that Plaintiff Brian Slaton is a member of the Texas House of Representatives but otherwise lack sufficient information to admit or deny the truth of the allegations in paragraph 9 of Plaintiffs' Original Complaint.

10. Intervenors admit the allegations in the first sentence of paragraph 10 of Plaintiffs' Original Complaint but otherwise lack sufficient information to admit or deny the truth of the allegations in that paragraph.

11. Intervenors admit the allegations in paragraph 11 of Plaintiffs' Original Complaint.

12. Intervenors deny Plaintiffs' characterization of the office of Speaker of the House in the first sentence of paragraph 12 of Plaintiffs' Original Complaint but admit the remaining allegations of this paragraph.

13. Intervenors admit that the quotation from the decision in *Reisman* is accurate but otherwise deny the allegations of paragraph 13 of Plaintiffs' Original Complaint.

14. Intervenors admit the allegations in paragraph 14 of Plaintiffs' Original Complaint.

15. Intervenors lack sufficient information to admit or deny the truth of the allegations in paragraph 15 of Plaintiffs' Original Complaint.

16. Intervenors lack sufficient information to admit or deny the truth of the allegations in paragraph 16 of Plaintiffs' Original Complaint.

17. Intervenors lack sufficient information to admit or deny the truth of the allegations in paragraph 17 of Plaintiffs' Original Complaint.

18. Intervenors lack sufficient information to admit or deny the truth of the allegations in paragraph 18 of Plaintiffs' Original Complaint.

19. Intervenors admit the allegations in paragraph 19 of Plaintiffs' Original Complaint.

20. Intervenors admit the allegations in paragraph 20 of Plaintiffs' Original Complaint.

931115.7

21. Intervenors admit the statute to which paragraph 21 of Plaintiffs' Original Complaint refers is quoted accurately but otherwise deny the allegations of this paragraph.

22. Intervenors admit the allegations in paragraph 22 of Plaintiffs' Original Complaint.

23. Intervenors admit the allegations in paragraph 23 of Plaintiffs' Original Complaint.

24. Intervenors admit the allegations in paragraph 24 of Plaintiffs' Original Complaint.

25. Intervenors admit the allegations in paragraph 25 of Plaintiffs' Original Complaint.

26. Intervenors admit the allegations in paragraph 26 of Plaintiffs' Original Complaint.

27. Intervenors admit the allegations in paragraph 27 of Plaintiffs' Original Complaint.

28. Intervenors admit the allegations in paragraph 28 of Plaintiffs' Original Complaint.

29. In answer to paragraph 29 of Plaintiffs' Original Complaint, Intervenors incorporate herein by reference as if set forth verbatim the preceding paragraphs of this pleading.

30. The allegations in paragraph 30 of Plaintiffs' Original Complaint are statements of law, not fact, and do not require admission or denial.

31. Intervenors deny the allegations in paragraph 31 of Plaintiffs' Original Complaint.

32. Intervenors deny the allegations in paragraph 32 of Plaintiffs' Original Complaint.

33. Intervenors deny the allegations in paragraph 33 of Plaintiffs' Original Complaint.

34. In answer to paragraph 34 of Plaintiffs' Original Complaint, Intervenors incorporate herein by reference as if set forth verbatim the preceding paragraphs of this pleading.

35. The allegations in paragraph 35 of Plaintiffs' Original Complaint are statements of law, not fact, and do not require admission or denial.

36. Intervenors deny the allegations in paragraph 36 of Plaintiffs' Original Complaint.

37. Intervenors deny the allegations in paragraph 37 of Plaintiffs' Original Complaint.

38. Intervenors deny the allegations in paragraph 38 of Plaintiffs' Original Complaint.

39. The allegations in paragraph 39 of Plaintiffs' Original Complaint do not require admission or denial.

931115.7

## II.
## INTERVENORS' AFFIRMATIVE DEFENSIVE ALLEGATIONS

**A.  Legislative Immunity.**

The election of the Speaker of the Texas House of Representatives is a legislative act carried out by a vote on the floor of the House. The rules governing that vote and campaigns to influence it were promulgated by the Legislature as part of its internal processes and are an integral part of the communicative and deliberative processes of the House. Further, the floor vote on a Speaker nominee constitutes "legislation" as defined by Texas law. Legislative immunity therefore applies. *See, e.g.*, *Nat'l Ass'n of Soc. Workers v. Harwood*, 69 F.3d 622 (1st Cir. 1995); *Empower Texans, Inc. v. Geren*, 388 F. Supp. 3d 738, 747 (W.D. Tex. 2019). This Court therefore should not rewrite the Legislature's rules.

**B.  Lobbying Laws.**

Because the election of the House Speaker is a legislative act, the effort to allow influencing the outcome through unlimited spending of political contributions by politicians and political committees implicates the lobbying laws enacted by the Legislature. Those laws regulate—constitutionally—efforts to influence legislative acts like the floor vote on the election of a Speaker of the House.

Lobbying is governed by Chapter 305 of the Texas Government Code. Section 305.003 requires persons to register as lobbyists if they spend more than a prescribed amount to communicate with legislators about legislation or are paid for doing so. TEX. GOV'T CODE §§ 305.003(a)(1) and 305.003(a)(2). The definition of "legislation" is broad, encompassing "any matter that is or may be the subject of action by either

house or by a legislative committee, including the introduction, consideration, passage, defeat, approval, or veto of the matter." TEX. GOV'T CODE § 305.002(6)(B). The vote on the nomination of a Speaker thus constitutes legislation.

The relief Plaintiffs seek—the ability to use unlimited amounts of political contributions and other funds receive to influence the House's choice of its Speaker—ignores these laws. Plaintiffs effectively seek to be lobbyists without limits and without satisfying the registration and disclosure requirements governing lobbying.

In addition, Texas law prohibits the use of political contributions to fund lobbying activities, in part to ensure that money contributed to support a candidate's election or to defray officeholder expenses is not converted to another use the contributor never considered. A person required to register as a lobbyist cannot use funds received as political contributions to make political contributions, political expenditures, or direct campaign expenditures. TEX. ELECTION CODE § 253.006. Yet that is the very thing Plaintiffs seek to achieve. Unless all these laws are to be held invalid, Plaintiffs cannot have the relief they seek.

The lobbying laws serve a compelling state interest—preventing corruption and the appearance of corruption. Because the relief Plaintiffs seek would gut these laws as to the selection of the Speaker of the House, that relief should be denied.

### C. The Speaker election statutes are constitutional.

The statutes governing the process of naming a House Speaker are constitutional. Those statutes properly are viewed as regulating efforts to influence a legislative act by 150 House members—an "aye" or "nay" vote on a nomination—

not an election in the ordinary sense of the word. Given the small "electorate," the statutory scheme set out in the Government Code and the Election Code regarding use of money to influence legislative acts, and the prospects of undue influence and corruption raised by unlimited use of political funds to affect the choice of a Speaker, Texas's laws serve a compelling state interest and are tailored to that end.

Those laws should not be cast aside so that well-funded political actors can use unlimited political contributions to politicians and political committees to influence the process. A state plainly has the right to regulate the expenditure of money on lobbying the Legislature. A candidate or officeholder has no constitutional right to use funds received as political contributions to lobby the Legislature—something Texas law expressly prohibits. A political action committee similarly has no constitutional right to use contributions to it for lobbying the Legislature, whether on the question of a Speaker nomination or otherwise.

## III.
## PRAYER

For the reasons stated above, the relief Plaintiffs seek should be denied.

Respectfully Submitted,

*/s/ Jonathan D. Pauerstein*
Jonathan D. Pauerstein
State Bar No. 15637500
Lauren C. Howell
State Bar No. 24125286
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034
jpauerstein@rpsalaw.com
lhowell@rpsalaw.com

**ATTORNEYS FOR INTERVENORS**
**HON. CHARLIE GEREN AND**
**HON. DUSTIN BURROWS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the _____ day of December, 2022, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

William Garrett McMillan, III
Tony Keith McDonald
The Law Offices of Tony McDonald
1501 Leander Dr.
Bldg B, Suite 2
Leander, TX 78641
garrett@tonymcdonald.com
tony@tonymcdonald.com

James Tinley
General Counsel
Texas Ethics Commission
201 East 14th St., 10th Floor
Austin, Texas 78701
James.tinley@ethics.state.tx.us

**Attorneys for Plaintiffs**

Christopher D. Hilton
Office of the Attorney General of Texas
P O Box 12548
Capital Station
Austin, TX 78701
christopher.hilton@oag.texas.gov

**Attorney for Defendants**

                                                                 */s/ Jonathan D. Pauerstein*
                                                                 Jonathan D. Pauerstein

931115.7